# PEDRO DE DIEGO Y GONZALEZ, Complainant,

*v.*

# JOSÉ AND JOAQUIN ROVIRA, ETC., Dfts.

San Juan, Equity, No. 969.

### ON APPLICATION FOR INJUNCTION PENDENTE LITE.

Preliminary Injunction—Translation of Papers.

> A preliminary injunction or one *pendente lite*, is designed to hold the property *in statu quo* until everything can be determined by the pleadings and evidence, and the court will, when justified by the circumstances, admit papers which have not been translated.

Opinion filed February 26, 1916.

*Mr. Francis E. Neagle* for complainant.

*Messrs. Hugh R. Francis* and *Jorge V. Dominguez* for defendants.

HAMILTON, Judge, delivered the following opinion:

It would unquestionably be more satisfactory if all parties having any interest in the property were before the court by full pleadings, but that is not controlling in the matter of a preliminary injunction. A preliminary injunction or one *pendente lite* is something like a receivership, designed to hold the property in substantially the same shape until the pleadings

and evidence can determine everything. I think, under all the circumstances, the proper course would be to admit the different papers which have been offered in the status in which they are offered, whether translated or not. That is some departure from our rules, I know, but I think it is justified by the circumstances of the case. Then I think I should grant a preliminary injunction to the effect that the physical condition of affairs should be restored as they were immediately before, say, the 8th of February, before the extension of the dam complained of. The parties, of course, may not agree what that was, but they would also remember that the one who happens to recollect wrongly would be in serious danger of proceedings in this court. So they will have to refresh their memories some way.

As soon as the pleadings are complete, I will set it for a final hearing, any day in the last ten days of the month that the parties wish. And further than that, this is simply a preliminary injunction, and it is not meant to determine any of the rights of the parties. It only keeps the rights *in statu quo,* so when the Capó estate gets into court by full pleadings they can move to set aside the preliminary injunction, or whatever may be the appropriate steps, on as short a time as they please, of course, consistent with the rules.

I will ask the plaintiff to draw an order for a preliminary injunction restoring the *status quo* to what it was on the 8th of February, and that will be subject to change upon proper application when the pleadings are in shape. The bond will be fixed at $2,000.